No. 2936

First Circuit

---

CERAMI v. DAIGLE

---

(May 3, 1927.  Opinion and Decree.)
(June 7, 1927.  Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Pleading—Par. 76, 77.**

Amendments to pleadings are favored by jurisprudence when they tend to bring a litigation to an end and at the same time accomplish justice, based on the existing situation.

2. **Louisiana Digest—Landlord and Tenant—Par. 96.**

Under the Code of Practice, Article 285, No. 2, and Article 286, a provisional seizure is authorized only for rent. Therefore, a provisional seizure for damages to the leased premises is not the proper remedy and illegal.

3. **Louisiana Digest—Landlord and Tenant—Par. 102.**

Damages for dissolution for an illegal provisional seizure will be allowed only where proven.

4. **Louisiana Digest—Landlord and Tenant—Par. 41, 64.**

Where the preponderance of evidence is to the effect that all old material that could be used was used in reconstructing a building the damages claimed by plaintiff for this work not being excessive will be allowed.

6. **Louisiana Digest—Landlord and Tenant—Par. 74.**

The landlord can recover from the former tenant the value of rent for the premises during the unexpired term of the lease while he is reconstructing it on account of changes made by the tenant if the tenant refuses to restore premises to its former condition in accordance with the condition of the lease.

5. **Louisiana Digest—Landlord and Tenant—Par. 41, 64.**

Where tenant fails to put premises of landlord in same condition as they were at beginning of lease the landlord can recover as damages, the cost of reconstruction.

Appeal from the District Court, Parish of Iberville.  Hon. William C. Carruth, Judge.

Action by Mrs. Annie Cerami against G. A. Daigle.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Laycock, Borron & Laycock, of Baton Rouge, and Schwing, Morrison, Schwing & Obier, of Plaquemine, attorneys for plaintiff, appellee.

Dupont & Dupont, of Plaquemine, and Benton & Benton, of Baton Rouge, attorneys for defendant, appellant.

ELLIOTT, J. Suit to recover rent, also sum expended in restoring a building to the condition it was in at the time it was delivered to a lessee under a contract of lease and to also recover on account of the loss of the use of the property while the work of restoration was being done.

Mrs. Annie Cerami brought suit against G. A. Daigle to recover of him $240.00 as rent, $1308.68 as having been expended by her in restoring a building to the condition it was in at the time it was delivered to him as lessee and $100.00 as reimbursement for loss of rent while the work of restoring the building to its former condition was being done. The suit was filed April 6, 1923, and was accompanied by a writ of provisional seizure. The writ and sheriff's return are not in the record, but the issues in the case do not depend thereon; consequently their absence is not important to the examination and decision of the case.

The plaintiff alleges in her petition that the movables of the lessee, situated on the leased premises are pledged to her as a matter of law and that she has a privilege thereon for the payment of the rent and other obligations of the lease. That said Daigle had vacated the property about six months before the expiration of the lease and at the same time moved out of the building some of his effects for the purpose of defeating her privilege and rights as pledges and that she feared and believed he would remove the balance and in that way defeat her rights. That said Daigle had, availing himself of a right to that effect given in the contract of lease, made numerous changes in the building and had damaged it to a considerable extent. That it would require the full unexpired period of the lease to restore the building to the condition it was in at the time it was delivered to the lessee and that the work of restoration was estimated to cost $1750.00. That said Daigle was bound by the contract of lease to restore the building at the end of the lease, to the same shape it was in when he received it, unless agreed on differently at the time. The contract of lease was annexed to and made part of her petition. She prayed for recognition of her rights as pledgee, with privilege on the effects in the building, as well as on those moved out, for judgment against defendant for $250.00 on account of rent and compelling him to restore the building to the condition it was in at the time it was delivered to him, else pay her whatever sum the court found such restoration would cost. Defendant excepted to this petition on the ground that it set forth no right or cause of action, which was overruled.

On October 4, 1924, plaintiff amended and supplemented her petition. She alleges in this amended and supplemental petition that defendant had not been excused from his contract to restore the building to the condition it was in at the time it was delivered to him and that he had defaulted in his undertaking to do so. That not having been able to have the work done by defendant, she had

been compelled to do it herself at an expense of $1308.68, making an account showing the changes made in the building and the cost of restoration part of her petition. She further alleged that the building could not be used, while the work of restoration was going on and that she had suffered loss in rents to the extent of $100.00 on that account. She prayed in this petition that her pledge and privilege be recognized as prayed for in her original petition, but prayed that she have judgment against defendant for $1308.68, as expended in restoring the property to the condition it was in at the time of the lease and for $100.00 in addition as reimbursement on account of loss of rent after the expiration of the lease and before the restoration could be accomplished, a total of $1468.68 with interest.

Defendant excepted to plaintiff's amended petition of October 4, 1924, on the ground that it was an attempt to do what the court had refused to permit by an amended petition which she had filed on October 18, 1923. That the amended petition of 1923 had been objected to by him on the ground that plaintiff was thereby attempting to set up a cause of action based on facts happening after the inception of the suit and over six months after the original petition had been filed. That his said exception to the amendment of October 18, 1923, had been sustained and the amended petition excluded. That the ruling excluding same constituted res adjudicata as to the amendment of October 4, 1924. This exception was overruled and defendant then answered, admitting the lease but denying that he had defaulted on the question of restoration. He alleges that about six months before the expiration of the lease, he sold his bakery business conducted in the building to John O. Dupuy, sublet

the property to him and moved out of the same in order to give him possession. That plaintiff consented at the expiration of the lease for said Dupuy to remain in the property. That he had always been willing and ready to restore the building to its former condition. That he could not do the work while Dupuy occupied the building but as soon as he moved out he proceeded to do the work and would have done it, but plaintiff would not permit him to enter the building and prevented him from doing the work. That had he been permitted to do the work it could and would have been done for not over $320.00. That the provisional seizure was made maliciously. That it was illegal and had damaged him to the extent of $2950.00. He prayed that plaintiff's demand against him be rejected and for judgment in reconvention against her for the sum stated.

The District Judge rendered judgment in favor of the plaintiff for $1308.68 with interest, as the sum she had expended in restoring the property to the shape it was in at the time of the lease and for $40.00 with interest as reimbursement for loss of rent, after the expiration of the lease and before the restoration could be made. Defendant's demand against the plaintiff was rejected. The provisional seizure that had been made was not mentioned in the judgment. Defendant appealed and urges on his appeal that his exception to plaintiff's original petition should have been sustained. The petition alleges a grievance against defendant, based on the contract of lease under the law. Civil Code, Articles 3218, 3219 and 2709. The court could have granted her a judgment under her petition against the defendant upon proper proof. The exception of no right or cause of action was therefore properly overruled. He also urges on appeal that his exception to

plaintiff's amended and supplemental petition of October 4, 1924, should have been sustained. The minutes of the court show that the amended petition of October 18, 1923, was rejected on the ground that it set forth no cause of action, which had not been urged against it, but supposing that its rejection was really based on the grounds urged against it, such an exception was not a good ground of objection to the amended petition of October 4, 1924. The amendment of October 4, 1924, was based on grounds taken place but proper, due to changes in situation since the original petition had been filed and supplied averments entirely different from those contained in the amendment of October 18, 1923. Amendments are favored by jurisprudence when they tend to bring a litigation to an end and at the same time accomplish justice, based on the existing situation. This amendment was in our opinion properly permitted. Defendant urges that plaintiff agreed for Mr. Dupuy to remain in the building after the lease had expired and that he could not enter the building for the purpose of restoring it to its former condition on that account until Mr. Dupuy had moved out of it. Mr. Dupuy occupied the premises about sixteen or seventeen days after the expiration of the lease. He did not remain in it as lessee under the plaintiff; he sought to get an extension of time; but she refused to enter into any arrangement with him. He went into the building under Mr. Daigle. He bought out Mr. Daigle about six months before the expiration of Mr. Daigle's lease and sub let the property from him for that time. He could not conveniently move at the expiration of the lease so he just held it over until he could move more conveniently. Plaintiff did not take any steps to eject him at the expiration of the lease and tacitly permitted him to remain in the building until he moved of his own accord. We have considered the circumstances and do not think plaintiff's failure to take out ejectment proceedings against Mr. Dupuy immediately at the expiration of the lease changes the situation in any way. Under the law and the contract, which was also in effect a law, Mr. Daigle should have restored the property to the condition it was in at the time he received it, while his lease was in force and effect. He did not do that and made no effort to that end until after Mr. Dupuy had moved out of it. He had no right to enter the building at that time; it was then too late to undertake the work of restoration. C. C., Art. 1933, No. 1; Payne vs. James, 42 La. Ann. 230, 7 South. 457; Chattanooga Car & Foundry Co. vs. Lefebvre, 113 La. 487, 37 South. 38. Defendant placed it in the power of the plaintiff to do the work of restoration herself at his expense. The important question in the case is how much should she recover on that account. She did some work which better fitted the building for her needs when she returned to it, which was not a restoration to its former shape and there was some old material which defendant urges was not used and that same should have been done. We have considered the evidence on this subject. It is not as clear as might be, yet it is plain that the work done, which was not in restoration was very little and unimportant and the preponderance and we think the most trustworthy evidence is to the effect that all old material was used that was fit to be used in the work. We think the amount found by the district judge is justified by the evidence, not only on acount of the restoration but also on account of loss of rent while the work was being done. The defendant urges that the writ of provisional seizure was wrongfully issued and that it was illegal

and claims damages on that acount. He did not move to dissolve the seizure on the ground that the affidavit therefor was untrue. He only placed plaintiff's right to the writ at issue in his answer and that question was tried as part of the merits of the case. The evidence shows that he actually moved some of his effects out of the building and placed them in the residence of another party, about six months previous to the expiration of the lease. The contract of lease stipulates, "It is further agreed that the contents of the shop and premises shall always be and remain subject to the lessor's privilege for the non payment of rent." Then again the law, C. C., Art. 2705, provides, "The lessor has for the payment of his rent and other obligations of the lease, a right of pledge on the movable effects of the lessee which are found on the property leased." See also C. C., Art. 2709, and C. P., Art. 288, as to articles moved out of the house. When defendant moved part of his effects out of the house, without plaintiff's consent; he gave her reasonable grounds to fear and believe that if she did not seize the effects within fifteen days that her rights as pledgee would be lost. The removal was in violation of the agreement above mentioned. The fact that he had made a contract with Mr. Dupuy which required him to move out and turn the house over to him did not alter the situation as regards the plaintiff, who was not a party to his arrangement with Mr. Dupuy. The fact that Mr. Dupuy paid the rent after he had sublet the property as required by the contract between the plaintiff and defendant did not alter the situation. We think the plaintiff had a right to resort to a provisional seizure as to the rent to become due for the unexpired portion of the lease, and to have it executed against defendant's ef-fects moved as well as those not moved. But to the extent that the writ was obtained against defendant on acount of his obligation to restore the property to the condition it was in at the time he received it at the expiration of the lease, we find that it was illegal. The Code of Practice, Art. 285, No. 2, and Art. 286, does not authorize a provisional seizure except for rent. The district judge did not think that the provisional seizure could be sustained except for rent. The evidence on the subject of damages, however, does not indicate that defendant sustained any appreciable damage on account of the seizure beyond the sum for which it was justified. His demand for damage was therefore properly refused, but the fact that a seizure was made, based in part on a ground of action for which a writ of provisional seizure was not the proper remedy, is our reason for apportioning the cost in the lower court between the parties. For these reasons the judgment appealed from is affirmed. Defendant and appellant to pay the cost of appeal and one-half of the cost in the lower court, the other half to be paid by plaintiff and appellee.